The judgment of the court was pronounced by
Rost, J.
This is a petitory action. The city of Lafayette acquired from P. A. Guillotle, who represented himself as the sole owner thereof, a piece of ground, under-the sixth section of an act entitled an act to provide for opening, widening, extending and straightening, laying out, enclosing, and improving streets, &cM approved on the 1st of June, 1846, which provides that in all cases where any portion of a lot of ground, not exceeding two acres, shall be required for *388 the purposes of the act, the commissioners shall fix the value thereof, at the time of the assessment, and without any reference to the future improvement, a]| the buildings and improvements then existing thereon; and the owner shall be entitled to receive, from the city of Lafayette, the assessed value, if he shall file his assent thereto, with the clerk of the court, within ten days after the first publication of the notice, that the report of assessment is deposited with said clerk ; in which case, the whole of said lot and improvements shall become the properly of the corporation.
The consideration of this sale was the sum of $3200, which, says the act, “ is retained and held by the mayor and city council, subject to the demand of the mortgage and privilege creditors of the vendor, to be disposed of and distributed according to law, and the eleventh section of the act of 1846, with which retention the vendor declares himself satisfied, and grants full acquittance and discharge therefor.” It is not shown that any portion of this sum has been paid.
The property sold formed part of the community between the vendor and Caroline Ducasse, his wife, who had died before the sale. Her heirs and the administrator of her succession, now claim the undivided interest which they allege vested in them at her death. The answer of the defendants admits the purchase of the property, for purposes of public utility; and avers that the plaintiffs cannot recover it while it belongs to the public. It also contains a general denial, and the prayer that P. A. Guillotte may be cited in warranty, which was done. There was judgment in favor of the plaintiffs, for one undivided half of the land, and a judgment of non-suit on the claim in warranty. The defendants appealed against the plaintiffs only.
On the appeal, the points have been made, for the first time, that the administrator has no capacity to act, having given no security, nor taken the oath required, and that the other plaintiffs, alleging themselves to be beneficiary heirs, are also without capacity as such to maintain the action. The defendants’ counsel admit that the capacity of the administrator was not specially put at issue, and that he was not bound to prove it; but say, that the mortuary proceedings in the succession of Mrs. Guillotte, offered in evidence by himself, show his want of authority, and the defendants are entitled to take advantage of it.
On suggesting to this court, that on the face of the record it appeared that the record of the mortuary proceedings of the plaintiff’s mother was offered in evidence, and that although certain mortuary proceedings were copied with the record, no certificate of the clerk was therein contained, to show whether the proceedings so copied were all of the mortuary proceedings, or only part thereof; the defendants’ counsel obtained a writ of certiorari, commanding the clerk of the district court to perfect the record, by filing a copy of all the mortuary proceedings, if any there be, or a certificate stating the fact that the proceedings already copied into the record are all the mortuary proceedings. It would seem from the return to the certiorari, that the administrator did not give bond and take the oath required, till after the institution of this suit.
The writ of certiorari was of course granted without prejudice. "We are of opinion that the record was complete as it stood, and that the writ was improvidently issued. We do not understand the words in the note of evidence, “the probate proceedings in the succession of Mrs. Guillotte," as necessarily implying that the entire mortuaria was offered ; that portion of it which was read in court and filed by the clerk was alone in evidence. The certificate of that officer, that the record contains a correct transcript of all the proceedings *389 had, of all the evidence adduced, and a true copy of all the documents filed, in the cause, shows what that portion was.
The evidence upon which the defendants rely, not being in the original record, we cannot notice it. But besides, the other plaintiffs have made themselves parties to the suit, and assumed the quality of heirs. They have, therefore, an undoubted right to stand in judgment, even if the administrator had not. On the merits, we are of opinion that the title of the plaintiffs to the portion of land necessary for the opening of Magazine street, may have been divested by the proceeding in rem, and that, as there were upon the property judicial mortgages, which, from their dates, must be presumed to have originated in community debts, the defendants could only be required to apply the amount of the assessment to the payment of those mortgages. It is not, however, necessary to examine that question in detail, as the counsel of record for the plaintiffs has abandoned that portion of the claim.
In relation to the remainder of the land of which Guillotte made an abandonment to the defendants, it is clear that the abandonment contemplated by the law, is one made by the real owner, and that in this case, the defendants acquired nothing more than the undivided half interest of Guillotte. This case does not materially differ from that of P. F. Smith, Under-tutor, v. Syndic of Dorsey, lately determined. In that case, the property was still in the possession of the syndic of the husband; in this, it has been sold, but not paid for. There is no proof, in either case, of the insolvency of the community. As the registry laws do not require the recording of titles by descent, the legal title did not continue in the father, after the death of his wife, and parties purchasing from him were bound to make inquiry.
We know of no rule of law under which Guillotte can be held to have acted in the sale as agent of the plaintiffs. It is urged that the plaintiffs are bound by the proceedings which resulted in the transfer of the property, because of their presence, and of their failure to oppose them.
Only three of the eight plaintiffs reside in the parish of Jefferson. Two of them are married women, to whom the doctrine of estoppel by matters in pays is seldom, if ever, applicable. The other is a widow; she alone could come under the rule invoked ; but there is nothing in the record which would justify us in subjecting her to it. Her residence in the parish, is the only circumstance from which her knowledge of the proceedings is to be inferred, and that is clearly insufficient. It is said that her claim under the facts of the case, should be held in law a constructive fraud. But the fact is overlooked, that as the defendants have not yet paid the price, no fraud has yet been consummated. We have not noticed the motion to dismiss, because none of the grounds upon which it rests are at all tenable.
It is therefore ordered, that the judgment so far as appealed from be reversed. It is further ordered, that the defendants be quieted in their possession and title to that portion of the ground in controversy, now forming part of Magazine street. It is further ordered, that the plaintiffs recover of the defendants, the undivided half of an irregular piece of ground, situated in the city of Lafayette, between Camp, St. Mary, and Magazine streets, measuring 304 feet 3 inches 1 line on Camp-street, 133 feet 3 inches 6 lines on St. Mary-street, 103 feet 7 inches on Magazine street, and 143 feet 3 inches 4 lines on the line which divides it from the lot sold to the defendants by A. Huard. It is further ordered, that the defendants pay the costs of the district court: those of this appeal to be paid by the plaintiffs and appellees.